**NOT FOR PUBLICATION**

FILED

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDA VIOLETA ROSALES, | No. 08-75103 |
| Petitioner, | Agency No. A070-084-204 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2013[**]
Pasadena, California

Before: TROTT, LUCERO,[***] and W. FLETCHER, Circuit Judges.

Magda Violeta Rosales, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We lack jurisdiction over the BIA's determination that Rosales was not eligible for NACARA relief and dismiss that claim. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the remainder of the petition.

## I

Our jurisdiction to review an agency's determination that an applicant is ineligible for NACARA relief is limited to "constitutional claims or questions of law" and "application of law to undisputed facts." Barrios v. Holder, 581 F.3d 849, 857 (9th Cir. 2009) (internal quotation marks omitted). The immigration judge ("IJ") determined that Rosales failed to meet her burden of establishing that she had entered the United States before the NACARA relief deadline or that she had properly registered for relief. The BIA affirmed. Rosales disagrees with these conclusions, but because her claim of error rests on disputes of fact, we lack jurisdiction. See id.

## II

In considering Rosales' arguments that the BIA erred in rejecting her applications for asylum, withholding of removal, and CAT relief, we review questions of law de novo. Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir. 2008). We review factual findings for substantial evidence. Kumar v. Gonzales, 444 F.3d 1043, 1049 (9th Cir. 2006).

The Attorney General may grant asylum to a noncitizen who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(a). Membership in the same protected classes allows a petitioner to obtain withholding of removal. 8 U.S.C. § 1231(b)(3).

Rosales claims that she suffered persecution at the hands of guerillas because she refused their attempts at conscription, which she characterizes as a political opinion. The Supreme Court has specifically held that resistance to recruitment from guerillas in Guatemala is not necessarily the equivalent of an expression of "political opinion" for purposes of asylum claims. INS v. Elias-Zacarias, 502 U.S. 478, 481-83 (1992). Rosales also

argues that she was persecuted due to her membership in a particular social group made up of individuals who refused to join the guerillas. However, this court has rejected the analogous claim that individuals who resisted forced gang membership constitute a "particular social group" for purposes of asylum and withholding of removal. Ramos-Lopez v. Holder, 563 F.3d 855, 858-62 (9th Cir. 2009). Because Rosales has failed to demonstrate persecution or a well-founded fear of persecution on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. See Barrios, 581 F.3d at 856.

To obtain CAT relief, a noncitizen must show that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." Kamalthas v. INS, 251 F.3d 1279, 1282 (9th Cir. 2001) (internal quotation marks omitted). Rosales argues in conclusory fashion that she carried this burden. Our review of the record indicates that the IJ and BIA permissibly concluded that Rosales failed to carry this burden. We thus deny the petition as to Rosales' CAT claim.

Finally, Rosales argues that the BIA violated her due process rights by streamlining the IJ's decision. We will grant a petition for review on due process grounds only if: (1) the proceeding was "so fundamentally

unfair that the [noncitizen] was prevented from reasonably presenting his case"; and (2) the noncitizen shows prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks omitted). Rosales does not articulate how the BIA's streamlining was fundamentally unfair or prejudicial and has thus failed to demonstrate that she is entitled to relief.

### III

For the foregoing reasons, Rosales' petition for review is

**DISMISSED IN PART AND DENIED IN PART**.